UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BARKACS,<br><br>          Plaintiff,<br><br>   v.<br><br>RATTAN BHARAT, *et al.*,<br><br>          Defendants. | Case No. 2:23-cv-01623-JDP (PC)<br><br>ORDER |

     Plaintiff, a state prisoner proceeding *pro se*, alleges that defendants violated his Eighth Amendment rights by failing to provide him with adequate medical care for a painful growth on his tailbone. ECF No. 1 at 3-5. He also alleges that unnamed officers at Mule Creek State Prison used excessive force against him. *Id.* at 4. His complaint, drafted without paragraphs or other organizational dividers, is difficult to parse, and I find that, as articulated, only his Eighth Amendment claim for inadequate medical care against defendant Perez is viable. He may either proceed with this claim or file an amended complaint. Additionally, I will grant his application to proceed *in forma pauperis*, ECF No. 2.

1

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that, in January of 2021, he presented to defendant Perez, a registered nurse, with complaints about a growth on his tailbone. ECF No. 1 at 4. He believed it was an infection and was in substantial pain. *Id.* Rather than taking his complaints seriously, however, Perez allegedly made light of his condition and told him she was too busy to deal with it. *Id.* These allegations are sufficient to state an Eighth Amendment claim for inadequate medical care against this defendant.

Plaintiff's condition deteriorated and, eventually, he was sent to the emergency room and underwent surgery on the growth. *Id.* at 5. He claims that, during the surgical encounter, a nurse named Martine was rude and told him to stop screaming in pain or she would discontinue treatment. *Id.* This allegation, while perhaps indicative of a lack of professionalism, does not amount to deliberate indifference insofar as plaintiff does not allege that Martine otherwise offered inadequate treatment.[1]

The remainder of the complaint is devoted to allegations that, after the surgery, plaintiff was not provided with the medications prescribed by the surgeon. *Id.* at 6-7. These allegations, though potentially viable under the Eighth Amendment, are not associated with any named defendant insofar as I can tell. Plaintiff may, if he chooses, reallege them in an amended complaint and explain which defendants were responsible for failing to provide the medication.

Finally, as noted previously, plaintiff alleges that between presenting to Perez and his emergency room visit, unnamed correctional officers used excessive force against him. ECF No. 1 at 4. It is not obvious that this claim is sufficiently related to the denial of medical care claims to proceed in this suit. Moreover, plaintiff has not named any of the correctional officers allegedly responsible for the use of force and, as such, they cannot be served even if this claim were screened through.

Plaintiff may proceed only with his deliberate indifference claim against Perez, or he may delay serving any defendant and file an amended complaint. He is advised that the amended

---

[1] A third medical defendant, Dr. Rattan Bharat, is named in the caption of the complaint, but I cannot tell how he is alleged to have violated plaintiff's rights.

complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.  He should use the complaint form that will be sent to him with this order and endeavor to divide his claims by defendant so that they, and the court, have notice of what claims are being brought against which defendants.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Within thirty days from the service of this order, plaintiff must either advise me of his decision to proceed only with his Eighth Amendment claim against defendant Perez, or he may submit an amended complaint.  Failure to choose within the deadline may result in recommendations that this action be dismissed for failure to prosecute.

3. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

IT IS SO ORDERED.

Dated:   November 1, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE