UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BARKACS, | Case No. 2:23-cv-01623-JDP (PC) |
| Plaintiff, | **ORDER** |
| v. | THAT PLAINTIFF INDICATE HIS INTENT TO PROCEED ONLY WITH THE CLAIMS DEEMED COGNIZABLE IN THIS ORDER OR FILE ANOTHER AMENDED COMPLAINT |
| RATTAN BHARAT, *et al.*, | |
| Defendants. | |
| | ECF No. 10 |
| | RESPOND DUE WITHIN THIRTY DAYS |

Plaintiff, a state prisoner, alleges that defendants violated his rights under the Eighth Amendment by failing to provide adequate medical care for a wound on his back and by using excessive force against him. ECF No. 10 at 4-6. After reviewing the complaint, I find that it states viable Eighth Amendment deliberate indifference to medical needs claims against defendants Wei, Rattan, Amaral, Gonsalves, Jones, Magsayo, and an unspecified number of "Doe" defendants—who cannot be served until they are enumerated and identified. The complaint also states a viable Eighth Amendment excessive force claim against an unknown number of "Doe" correctional officers who applied unnecessary force to plaintiff's body after he blacked out from lack of treatment. I also find, however, that plaintiff's First Amendment retaliation claim against these officers is insufficient to proceed.

1

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Analysis**

Plaintiff alleges that, in late January 2021, he began to complain about a painful growth on his tailbone. ECF No. 10 at 4. He claims that Wei, Rattan, Amaral, and an unknown number of unidentified "Doe" medical staffer and correctional officers were aware of the issue and its

1 severity, but failed to offer any treatment. *Id.* at 4-5. These allegations are sufficient to state

2 Eighth Amendment claims for want of medical care against these defendants.

3       Plaintiff alleges that, on February 2, 2021, he blacked out from pain. *Id.* He claims that

4 he awoke to an unspecified number of "Doe" correctional officers applying unnecessary force to

5 his body and telling him to stop moving. *Id.* at 6. Given plaintiff's allegation that he was

6 unconscious and, presumably, incapable of resisting, I find that this excessive force claim is

7 cognizable. The issue of whether it is sufficiently related to the inadequate medical care claims to

8 proceed in the same suit is a close call, but I find that it arises from the same nucleus of operative

9 facts. Plaintiff also alleges that this excessive force was undertaken in retaliation for demanding

10 medical attention, but he offers no specific allegations to bolster that claim or to explain how he

11 would have such information. Indeed, there is no allegation that the "Doe" officers who allegedly

12 used excessive force overlapped with the "Doe" officers who were aware of his condition and

13 denied him treatment. Thus, his retaliation claim is inadequate to proceed.

14       After plaintiff was subdued, an unknown member of the medical staff allegedly

15 recognized the severity of his condition and told him that he would be sent to the emergency

16 room. Id. at 6. Plaintiff does not describe that visit or confirm that it occurred and, instead, skips

17 to April 1, 2021, when he underwent surgery on his tailbone. *Id.* at 7. After surgery was

18 completed at an outside hospital, plaintiff was sent back to prison with instructions that he be

19 given medication for pain and to prevent infection. *Id.* Plaintiff claims that defendants Gonsalves

20 and Jones, both nurses, ignored the medication orders and refused to help coordinate with unit

21 physicians to ensure that plaintiff received the necessary drugs. *Id.* at 7-8. Consequently,

22 plaintiff's wound became infected. *Id.* at 8. He alleges that he presented this infection to

23 defendant Magsayo and an unnamed "Jane Doe"—another pair of nurses—and both declined to

24 offer him treatment. *Id.* at 8-9. These claims for inadequate post-surgical care also state viable

25 Eighth Amendment claims.

26       Plaintiff may proceed with the claims and defendants identified as viable in this order. Or

27 he may delay serving any defendant and file another amended complaint. He is advised that the

28 amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d

896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff may either indicate his intent to proceed only with the Eighth Amendment claims deemed cognizable in this order or he may delay serving any defendant and file another amended complaint.  If he fails to do either, I may recommend this action be dismissed for failure to prosecute.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

IT IS SO ORDERED.

Dated:     January 16, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4