UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BARKACS, | Case No. 2:23-cv-1623-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| BHARAT RATTAN, *et al.*, | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brought this action alleging that defendants violated his Eighth Amendment rights by failing to provide him with adequate medical care. Pending is plaintiff's motion to compel, ECF No. 45, seeking to compel responses to his first set of interrogatories to defendant Perez and his requests for admission to all defendants. Defendants have filed an opposition, ECF No. 47, and plaintiff has filed a reply, 52. Plaintiff's motion to compel is denied, and his motion for extension of time to amend, ECF No. 49, which is contingent on his motion to compel, is also denied.

**Motion to Compel**

**I.     Legal Standard**

Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P.

1

33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("[O]bjections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable."). A responding party is typically not required to conduct extensive research in order to answer an interrogatory, but reasonable efforts to respond must be undertaken. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 U.S. Dist. LEXIS 73752, 2007 WL 2781132, *2 (E.D. Cal. 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

## II.  Analysis

There are eight interrogatories at issue. I will address them separately, in the order presented by plaintiff; I will discuss the requests for admission last.

### A.  Interrogatory Number Two

This interrogatory asks: "[i]f an internal investigation was conducted by prison administration of California Correctional Health Care Services or etal. regarding Plaintiffs injuries on January 29, 30, 31. February 1, 2 etc. 2021 and April 1, 8 etc. describe any reports that were issued or any actions that were taken as results of the investigations?"

Defendant Perez offered the following response:

> Defendant objects to this interrogatory on the grounds that it is vague as to time and the phrases "internal investigation," "injuries," and "reporter." Defendant also objects on the grounds that the interrogatory is overbroad, compound, unduly burdensome, assumes a fact not in evidence (i.e. that reports were conducted or issued or actions), and requests information in possession of third parties and not necessarily available to Defendant. To the extent Plaintiff is requesting Defendant provide information from a confidential investigation, Defendant objects that the information is protected by the official information privilege . . . Without waiving any objection, Defendant responds as follows: Defendant is informed of that Plaintiff submitted a grievance related to the allegations in this lawsuit, and it was assigned log number MCSP SC 21000036, a response was provided from the institutional level and the headquarters level. Defendant is also informed that Plaintiff submitted another grievance related to the claims in this case, and it was assigned log number MCSP 21000955 and a response was provided from the institutional level.

ECF No. 47 at 3. Defendant then amended his response as follows:

>Defendant objects to this interrogatory on the grounds that it is vague as to time and the phrases "internal investigation," "injuries," and "reporter." Defendant also objects on the grounds that the interrogatory is overbroad, compound, unduly burdensome, assumes a fact not in evidence (i.e. that reports were conducted or issued or actions), and requests information in possession of third parties and not necessarily available Defendant. To the extent Plaintiff is requesting Defendant provide information from a confidential investigation, Defendant objects that the information is protected by the official information privilege . . . Without waiving any objection, Defendant responds as follows: Defendant is informed of that Plaintiff submitted a grievance related to the allegations in this lawsuit, and it was assigned log number MCSP SC 21000036, a response was provided from the institutional level and the headquarters level. Defendant is also informed that Plaintiff submitted another grievance related to the claims in this case, and it was assigned log number MCSP 21000955 and a response was provided from the institutional level. Defendant is informed and believe that no other investigations exist relating to the care of Plaintiff's pilonidal cyst.

*Id.* at 3-4. Defendant argues that there is nothing further to compel, as he is unaware of any other investigations. *Id.* at 4. Indeed, I cannot compel him to answer further, and the motion is denied as to this interrogatory.

### B. Interrogatory Number Three

This interrogatory asks: "[i]dentify all material, including reports made or statements taken or received by any medical or prison staff related to 1-29, 1-30, 2-1, 2-2, etc. 2021-2024 – Identify and describe any X-Rays, or MRI taken of plaintiffs spine, neck, back, shoulder, biceps, upper & lowers back? Of Plaintiff injuries? From occurrence dates above and after…" *Id.*

Defendant Perez offered this response:

>Defendant objects to this interrogatory on the grounds that it is vague as to time and the phrases "materials," "injuries," and "reports or statements taken or received by any medical or prison staff." Defendant also objects on the grounds that this interrogatory is compound, overbroad, seeks information irrelevant to the claims and injuries asserted in this lawsuit, is unduly burdensome to the extent it requires Defendant to review three years of medical records to identify a broad and uncertain set of documents, and assumes facts not in evidence (i.e. that any X-Rays or MRIs were taken of Plaintiff). Defendant also objects that the requests irrelevant information because it is not likely to lead to the discovery of admissible evidence and is not proportional to the needs of the case. Without waiving any objections, and assuming Plaintiff is referring to the care of his pilonidal cyst, Defendant responds as follows: to Defendant's knowledge, there are progress

3

> notes, 7362 slips, correspondences, consultation notes, orders, requests for service, and refusals of examinations related to the care of Plaintiff's pilonidal cyst. Further, Defendant is informed that Plaintiff submitted a grievance related to the allegations in this lawsuit, and it was assigned log number MCSP SC 21000036, a response was provided from the institutional level and the headquarters level. Defendant is also informed that Plaintiff submitted another grievance related to the claims in this case, and it was assigned log number MCSP HC 21000955 and a response was provided from the institutional level.

*Id.* at 4-5. In her opposition, Perez states that no other medical documentation is within her access and, thus, there is nothing more to compel. I accept Perez's statement as true and deny the motion to compel as to this interrogatory.

### C.   Interrogatory Number Five

This interrogatory asks: "[d]o you or California Correctional Health Care have documents, etc of the name & CDCR # of prisoners. That were forcefully housed in the 4a.Gym. Mule Creek Prison. From January 26, 2021-2-10-2021. February 10, 2021?" *Id.* at 5.

Defendant Perez offered this response:

> Defendant objects to this interrogatory on the grounds that it is vague as to the phrases "documents," "forcefully," and "housed." Defendant also objects on the grounds that the date range does not make sense as drafted and is vague and ambiguous. Defendant also objects on the grounds that it is compound, requests irrelevant information because it is not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, requests information not in Defendant's possession, is overly broad and unduly burdensome because it would require a search of documents in the possession of all employees of CCHCS, assumes facts not in evidence or dispute (i.e. that inmates were forcefully housed in a gym), and is argumentative. Without waiving any objection, Defendant responds as follows: Defendant is unaware of any documents that contain a list of all inmates that were housed in the "4a.Gym" during the requested timeframe.

*Id.* Defendant's contention that she does not have any documents that are responsive to plaintiff's interrogatory is a complete and adequate answer. I cannot compel her to produce what she does not possess; the motion is denied as to this interrogatory.

### D.   Interrogatory Number Six

This interrogatory asks: "[d]o you or CDCR, California Correctional Health Care services

4

1  have in your possession logs, or documents, sign in logs, clock in logs, discovery etc. specifically
2  of each and every medical personells, and correctional officers names, Id, Badge #s that worked
3  in 4.A Gym from January 26, 2021 – February 10, 2021?  Pertaing (sic) to 'Covid-19 isolation
4  surveillance' 'Rounding' or 'work post'?" *Id.* at 6.

   Perez responded: "Defendant objects to this interrogatory on the grounds that it is vague as to the phrases "isolation surveillance," "rounding," and "work post."  Defendant also objects on the grounds that it requests irrelevant information because is not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, compound, assumes facts in evidence (i.e. whether CDCR maintained such records), and is unduly burdensome.  Without waiving any objection, Defendant responds as follows: yes, Mule Creek State Prison (MCSP) may have a list of medical staff that worked at MCSP during the requested timeframe." *Id.*

   Once again, this is a complete answer to plaintiff's question.  The document itself can only be sought by way of a request for production.  *See Nguyen v. Del Toro*, No. CV 21-04327-VAP (ASx), 2023 U.S. Dist. LEXIS 70195, *4-5 (C.D. Cal. Apr. 21, 2023) ("To the extent Plaintiff seeks to obtain documents and tangible things, her request must be framed as a request for production of documents; she cannot seek documents in response to an interrogatory.").  The motion is denied as to this interrogatory.

### E.    Interrogatory Number Eleven

   This interrogatory asks: "Please describe the exact location in 4 A-Gym Mule creek state prison where you examined plaintiff in January, February 2021, and why you examined Plaintiff?" ECF No. 47 at 6.

   Perez initially responded:

> Defendant objects to this interrogatory on the grounds that it is vague as to time and the phrases "exact" and "examined." Defendant also objects to this interrogatory on the grounds that it is compound, unintelligible, and assumes facts not in evidence or in dispute (i.e. that Plaintiff was examined by Defendant Perez in "January, February 2021").  Without waiving any objection, and assuming Plaintiff is referring to Defendant Perez's evaluation of Plaintiff on February 2, 2021, Defendant responds as follows: Defendant Perez examined Plaintiff in the 4A gymnasium because

5

1         Plaintiff had complained of a cyst on his buttocks.

*Id.* at 6-7. Perez then amended her response:

> Defendant objects to this interrogatory on the grounds that it is vague as to time and the phrases "exact" and "examined." Defendant also objects to this interrogatory on the grounds that it is compound, unintelligible, and assumes facts not in evidence or in dispute (i.e. that Plaintiff was examined by Defendant Perez in "January, February 2021"). Without waiving any objection, and assuming Plaintiff is referring to Defendant Perez's evaluation of Plaintiff on February 2, 2021, Defendant responds as follows: Defendant Perez examined Plaintiff in the 4A gymnasium because Plaintiff had complained of a cyst on his buttocks. Defendant Perez does not recall exactly where in the 4A gymnasium she examined Plaintiff.

*Id.* at 7. Again, this is a complete and adequate answer. In his motion, plaintiff appears to argue that the gymnasium is not an appropriate medical setting for an evaluation, but that is not a deficiency with the answer provided. The motion is denied as to this interrogatory.

### F.    Interrogatory Number Twelve

This interrogatory asks: "From January 29, 30, 31, February 1, 2, 3, 4, 2021. At mule creek prison. Did any medical personell(s) (sic), CDCR-corrections officers, free-staff, psychiatrists, etc, employees, or prisoners, communicate or write, call, etc. explaining Plaintiff infectious body growth, wounds, spreading across plaintiff[']s body and his debilitating pain levels worsening?" *Id.* at 7.

Perez responded:

> Defendant objects to this interrogatory on the grounds that it is vague as to time and the phrases "infections body growth," "wounds," "spreading," "debilitating," and "worsening." Defendant also object to this interrogatory on the grounds that it is overbroad and burdensome because it would require Defendant to review all documents produced by all staff for that period of time, requests irrelevant information because it is not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the needs of the case, assumes facts not in evidence and in dispute (i.e. that Plaintiff had an infection or pain), calls for speculation, and is generally unintelligible. Defendant also objects that the information would be equally available to Plaintiff in his medical records. Without waiving any objection, and assuming Plaintiff is asking about the diagnosis of his pilonidal cyst, Defendant responds as follows: No, to Defendants knowledge, Plaintiff never had an infectious body growth because of his

6

> pilonidal cyst and Defendant never observed or recorded that type of growth.

*Id.* This answer is sufficient. Perez states that she had no knowledge of any infectious growth or wounds, and, as she points out, his medical records are equally available to him. The motion is denied as to this interrogatory.

### G.     Interrogatory Number Fourteen

This interrogatory asks: "[i]n reference to interrogatory 13 (supra), were you present during this medical turned unnecessary forceful incident?"[1] *Id.* at 8.

Perez responded:

> Defendant objects to this interrogatory on the grounds that it is vague as to time and the phrases "unnecessary," and "forceful." Defendant also objects on the grounds that this interrogatory is argumentative, requests irrelevant information because it is not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, is an incomplete hypothetical, calls for speculation, and assumes facts not in evidence or in dispute (i.e. that an incident with force occurred). Without waiving any objection, Defendant responds as follow: Defendant does not recall being present for any use of force incident where Plaintiff lost consciousness and staff threatened to hit Plaintiff and use pepper spray. Otherwise, Defendant is unable to respond to the interrogatory as drafted because it is unintelligible and vague.

*Id.* Perez's response that she does not recall being present for the use of force is a complete and sufficient answer. The motion is denied as to this interrogatory.

### H.     Interrogatory Number Sixteen

This interrogatory asks: "[d]o you or other medical personell(s) (sic); or defendants in this present case. Have any relevant documents, discovery that pertains to plaintiffs defense?" *Id.* at 9.

Perez responded: "[d]efendant objects to this interrogatory on the grounds that it is vague

---

[1] Interrogatory thirteen asked: "[a]re you in possession of any medical incident, supplemental or otherwise reports, etc in February (2-4) 2021, location Mule Creek Prison 4A-Yard-Gym pertaining too Plaintiff blacking out, experiencing blurred visions, debilitating pain and collapsing hitting concrete. From serious infections. And correctional officers using force, etc. Force to my back etc & threatening to hit & pepper spray Me? February 2021 – February 2022?" ECF No. 47 at 8.

1    as to time and the phrases 'relevant,' 'discovery,' and 'plaintiff[']s defense.' Defendant also
2    objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and calls
3    for speculation. To the extent that this is a request for production, Defendant objects that this
4    interrogatory is improper. Without waiving any objection, Defendant responds as follows:
5    Defendant cannot respond to this interrogatory as drafted because it is overbroad and vague."

6    I agree with defendant's contentions that this interrogatory is vague and overbroad.
7    Asking after "any relevant documents [or] discovery" is so broad as to be meaningless, the
8    functional equivalent of asking the defense to do the legwork of litigating the claimant's case for
9    him. The motion is denied as to this interrogatory.

### I.     Requests for Admission

11    Plaintiff claims that he served requests for admission on all defendants on December 27,
12    2024. ECF No. 45 at 3. Defendants state that they were never served. ECF No. 47 at 10. I
13    cannot compel responses to requests that were not received. I will, however, extend the discovery
14    deadline for the limited purpose of permitting plaintiff to reserve these requests for admission.

### Motion for Extension of Time to Amend Complaint

16    Plaintiff's motion for extension of time to amend, ECF No. 49, is denied. As an initial
17    matter, the scheduling order directed that any motion to amend complaint was to be filed by
18    February 28, 2025. ECF No. 31 at 5. The current motion was not filed until April 25, 2025.
19    Additionally, the motion for extension of time indicates that amendment was contingent, at least
20    in part, upon the pending motion to compel. ECF No. 49 at 2-3.

Accordingly, it is ORDERED that:

1. Plaintiff's motion to compel, ECF No. 45, is DENIED.

2. Within thirty days of the date of this order's entry, plaintiff shall reserve his requests for admission. Defendants shall respond to those requests within fourteen days. Any motion to compel with respect to those requests for admission shall be filed within ninety days of the date of this order's entry. Once these deadlines have passed, I will modify the deadlines for dispositive motions accordingly.

3. Plaintiff's motion for extension of time to amend, ECF No. 49, is DENIED.

IT IS SO ORDERED.

Dated: June 10, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE