UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BARKACS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BHARAT RATTAN, *et al.*,<br><br>　　　　　Defendants. | Case No.  2:23-cv-1623-JDP (P)<br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding *pro se*, brought this action alleging that defendants violated his Eighth Amendment rights.  ECF No. 10.  Pending is his motion to compel, ECF No. 69, to which defendants have filed their opposition, ECF No. 71, and plaintiff has submitted a reply, ECF No. 81.  After review of the pleadings, I will deny plaintiff's motion as untimely and as procedurally deficient.

　　　　The scheduling order in this case set the deadline for discovery, including the filing of any motion to compel, for February 28, 2025.  ECF No. 31 at 5.  That deadline was extended to April 23, 2025.  ECF No. 44.  Plaintiff's first motion to compel was filed on March 28, 2025, ECF No. 45, and, on June 10, 2025, I denied that motion, ECF No. 58.  In that denial, I noted that plaintiff claimed he had served requests for admission on defendants on December 27, 2024, but that defendants attested that they had never been served.  *Id.* at 8.  I gave plaintiff thirty days from the date of my order to re-serve those requests.  *Id.* at 9.

1

The current motion to compel was filed on September 10, 2025. ECF No. 69. Therein, he claims that he served requests for admission on December 27, 2024, and May 12, 2025. *Id.* at 4. He attaches a prison mail log to his reply that shows mail sent to defendants' counsel on January 8, March 25, and April 23, 2025. ECF No. 81 at 57. In their opposition, defendants claim that, to date, they have not received any requests for admission. ECF No. 71 at 2. I cannot compel defendants to respond to requests that they have not received. Moreover, plaintiff's timeline makes little sense. I ordered plaintiff to re-serve the outstanding responses within thirty days of my June 10, 2025 order. ECF No. 58. The attempts to serve requests for admission referenced in the current motion to compel predate even the previous motion to compel, which was filed on March 28, 2025. ECF No. 45. It may be that plaintiff did attempt to re-serve discovery after my order (his argument in the motion and reply is, at times, difficult to follow), but no mail logs have been provided to support that contention, and defendants' counsel has provided a sworn declaration that none were received. ECF No. 71-1 at 1-2. Accordingly, the motion to compel is denied.

I have already afforded plaintiff an opportunity to reserve previous requests for admission that were allegedly sent but never received by defendants. That opportunity has not advanced discovery and, at this point, I see no reason to repeat the same fruitless process in a case that was filed more than two years ago. To the extent the failure to serve the requests for admission is attributable to circumstances outside plaintiff's control, I am sympathetic. Nevertheless, it is both unfair to defendants and a poor use of judicial resources to allow this case to languish forever in discovery.

It is, therefore, ORDERED that plaintiff's motion to compel, ECF No. 69, is DENIED.

IT IS SO ORDERED.

Dated: _____December 19, 2025_____                             _____
                                                                JEREMY D. PETERSON
                                                                UNITED STATES MAGISTRATE JUDGE

2