UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BARKACS, | Case No.  2:23-cv-1623-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| BHARAT RATTAN, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner, brought this action under section 1983 alleging that defendants violated his Eighth Amendment rights by failing to provide him with adequate medical care for a wound on his back.  Defendants have moved for summary judgment, ECF No. 95, plaintiff has filed an opposition, ECF Nos. 84 & 96,[1] and defendants have filed a reply, ECF No. 97.  I will grant defendants' motion.[2]

Legal Standards

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine

---

[1] His later-filed "opposition," ECF No. 96, redirects the reader to his earlier, ECF No. 84.
[2] The parties have consented to magistrate judge jurisdiction.  ECF No. 85.

1

only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted).  The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same.  *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position.  *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The court may consider other materials in the record not cited to by the parties, but it is not required to do so.  *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.,* 477 U.S. at 323).  The non-moving party must "show more than

the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).  "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted).  The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

Background

Plaintiff alleges that, in January 2021, he was forced to move into a gymnasium at Mule Creek State Prison where the conditions were unsanitary.  ECF No. 10 at 4.  Approximately a month later, he claims that he apprised defendants Perez, Rattan, and Wei that he had developed a growth or cyst on his tailbone, and the presumed infection began to deteriorate rapidly.  *Id.* at 4-5.  Plaintiff alleges that the infection caused him severe pain and sickness.  *Id.* at 4.  Eventually, in April 2021, he was sent to San Joaquin Hospital for surgery on the cyst.  *Id.* at 7.  After a successful operation, plaintiff alleges that he returned to prison with instructions that medication and wound care be provided to prevent new infection.  *Id.*  He claims that defendants Gonsalves and Jones failed to provide him with the care his surgeon ordered.  *Id.*  An infection developed, which he alleges that the aforementioned defendants, as well as Magsayo, failed to provide proper care for.  *Id.*  Plaintiff also claims that defendants Woods and Amaral violated his rights by providing inadequate care during the relevant periods.

Analysis

Defendants raise three arguments.  First, they argue that the record establishes that their care for plaintiff's back was adequate.  Second, they contend that plaintiff failed to exhaust his administrative remedies before filing this suit.  Third, they argue they are entitled to qualified immunity.  I find the first argument persuasive and, thus, find it unnecessary to reach the others.

Medical records indicate that plaintiff was seen on February 2, 2021, for complaints about a cyst on his buttocks.  ECF No. 95-9 at 4-9.  He was ambulatory, and, that same day, he was sent to the triage and treatment area.  *Id.* at 9.  A provider record, also dated February 2, 2021, indicates that a provider examined the cyst and determined that, while it was painful to the touch, there was no swelling or breakage of skin.  *Id.* at 14.  Anti-biotics and painkillers were prescribed and a plan was made to follow up in seven days.  *Id.*

Later that day, plaintiff went "man down" and was attended by medical staff.  ECF No. 95-6 at 5-6.  He was sent back to triage and treatment.  *Id.* at 8.  The examining provider diagnosed the cyst as infected, prescribed more antibiotics, and told plaintiff to report back if his symptoms worsened.  ECF No. 95-10 at 2.  For approximately the next two weeks, plaintiff saw medical providers for regular wound care.  *Id.* at 3; ECF No. 95-5 at 2-3.

On February 12, 2021, plaintiff had a surgical consult at San Joaquin Hospital.  ECF No. 95-5 at 13.  He reported that the drainage from the wound was now minimal and that intermittent pain had improved.  *Id.*  Surgery was planned for March 4, 2021.  *Id.* at 14.  That surgery was cancelled because plaintiff had contracted Covid-19 in the weeks prior to the operation.  *Id.* at 17.  The surgery was rescheduled and performed on April 1, 2021.  *Id.* at 20.  Upon return to prison, plaintiff signed a refusal of treatment form and declined to be seen by defendant Magsayo.  ECF No. 95-8 at 8.

Later, on April 1, 2021, plaintiff saw defendant Woods during "med-pass," and she told him that she could not provide him with antibiotics or "Norco" because he did not yet have active prescriptions for those medications.  ECF No. 95-11 at 2.  Nevertheless, records indicate that he was provided antibiotics and a different pain medication the next day.  ECF No. 95-5 at 4, 45.

At a follow up at San Joaquin Hospital on April 16, 2021, plaintiff reported doing well

4

and noted no pain or discharge from the cyst. *Id.* at 25. On April 30, 2021, plaintiff refused a surgical follow-up appointment, stating that he had no infection and had seen a provider the day before. *Id.* at 32.

An Eighth Amendment deliberate indifference claim requires more than simple error or medical negligence. "Deliberate indifference is something more than mere negligence but something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015) (citation and internal quotation marks omitted). Courts have described the requisite standard as something like "reckless disregard." *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("[D]eliberate indifference is equivalent to reckless disregard and describes a state of mind more blameworthy than negligence, but is something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result . . . ."). Here, records indicate that defendants were attentive to his medical needs, and he received timely and adequate medical care for his cyst. Outside medical records from the hospital that conducted his surgery note that, before and after the operation, plaintiff's cyst was well managed.

Plaintiff's opposition is insufficient to defeat defendants' motion. It is a muddled, difficult-to-parse document comprised of nearly three-hundred pages of arguments and exhibits. ECF Nos. 84 & 84-1. I have done my best to review it and now conclude that nothing therein is sufficient to contradict the weight of medical records indicating that plaintiff's care was sufficient.[3] Of particular note, plaintiff has provided three inmate declarations, stating that his wound was infected and foul smelling in April 2021, after the surgical operation. ECF Nos. 84 at 69, 136-37. But these declarations are wholly at odds with the notes from plaintiff's follow-up appointment on April 16, 2021, where it was noted that his wound was doing well and he did not report any serious issues. ECF No. 95-5 at 25. It is difficult, perhaps impossible, to imagine a scenario where, as these declarants attest: (1) plaintiff possessed an oozing and painful wound for

---

[3] In so doing, I understand that plaintiff is a layman whose pleadings cannot be held to a high standard. Nevertheless, it is not my place to attempt to assemble a coherent argument on plaintiff's behalf where none has been presented.

which he was receiving no care; and (2) a short time later it presented well, without discharge or pain. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). And, as defendants point out, these laymen are unqualified to offer, as they do in at least one instance, *see* ECF No. 84 at 69, the opinion that the post-surgical wound was infected and inadequately treated. Finally, plaintiff's contention that he should have received the medication Norco, rather than some other pain medication, is a non-actionable disagreement over the proper course of treatment. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) ("[P]laintiff's showing of nothing more than 'a difference of medical opinion' as to the need to pursue one course of treatment over another was insufficient, as a matter of law, to establish deliberate indifference.").

Defendants have established that there is no genuine dispute of material fact as to the adequacy of plaintiff's medical treatment.

Accordingly, it is ORDERED that:

1.     Defendants' motion for summary judgment, ECF No. 95, is GRANTED.

2.     The Clerk of Court is directed to close this action, deny the motions at ECF Nos. 72 & 74 as moot, and enter judgement in defendants' favor.

IT IS SO ORDERED.

Dated:     June 25, 2026                    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE